**So Ordered.**

**Dated: March 3rd, 2020**



Frederick P. Corbit
Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>COUNTRY MORNING FARMS, INC. and<br>COUNTRY MORNING FARMS CATTLE, LLC,<br><br>          Debtors/Debtors in Possession. | Lead Case No. 19-00478-FPC11<br>Jointly Administered<br><br>FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING CONFIRMATION OF DEBTORS' SECOND AMENDED PLAN OF REORGANIZATION |

      THIS MATTER come on for hearing on January 16, 2020 for confirmation of Debtors proposed 2nd Amended Plan of Reorganization (the "Plan") (ECF #405). William L. Hames and John W. O'Leary appearing for Debtors; Deborah Crabbe appearing for creditor Bank of the West; David Eash appearing for creditor EPL Feed, LLC; and James Perkins appearing for the US Trustee. The court continued the hearing to January 23, 2020, by telephone conference. At that hearing, the court again continued to February 4, 2020 to allow Bank of the West and Debtors to propose amendments to the Second Amended Plan, which hearing was reconvened on February 5, 2020. Mr. Eash appeared at the hearing on January 16 but did not participate in further hearings.

      The court having considered the memorandums filed by counsel, the Declaration of Michael Zepponi, the Declaration of Neal Gluckman, the Declaration of Deborah Crabbe and having heard the testimony of Kevin Gilbert, CEO of Debtors, and Lucas Kartic, Debtors'

FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING CONFIRMATION OF DEBTORS' SECOND AMENDED PLAN OF REORGANIZATION - 1

HAMES, ANDERSON, WHITLOW & O'LEARY, P.S.
601 W. KENNEWICK AVENUE
P.O. BOX 5498
KENNEWICK, WA 99336-0498
(509) 586-7797 / Fax (509) 586-3674

19-00478-FPC11   Doc 609   Filed 03/04/20   Entered 03/04/20 11:52:19   Pg 1 of 9

financial adviser and, having considered the arguments of Counsel and the subsequent pleadings filed by counsel, makes the following Findings of Fact and Conclusion of Law:

FINDINGS OF FACT

1. Debtors in possession, Country Morning Farms, Inc ("CMF") and Country Morning Farms Cattle, LLC, ("CMFC") collectively referred to as "Debtors" filed Chapter 11 proceedings on March 1, 2019. Debtors filed their Second Amended Disclosure Statement and Second Amended Plan of Reorganization on December 4, 2019. The order approving the Second Amended Disclosure Statement and Setting Confirmation was entered by the above entitled Court on December 5, 2019.

2. Debtors gave proper notice of their Second Amended Disclosure Statement, Second Amended Plan of Reorganization, List of Classifying Claims and Interest, Ballot. and notice of the Hearing on Confirmation of the Plan to all creditors and parties in interest as required by FRBP 2002, LBR 2002-1, and LBR 3018-1, as well as other applicable provisions of the bankruptcy code and the Federal Rules of Bankruptcy Procedure. Proof of service of such notice was filed with the court (ECF #509). The date of the Confirmation Hearing was continued for two days. An Amended Notice of Confirmation Hearing was served on all required parties on December 19, 2019 (ECF #515).

3. The following classes of claims are impaired under the plan:

    Class 2 allowed secured claims of the Port District of Grant County

    Class 3 allowed secured claim of Bank of the West

    Class 4 allowed secured claim of Adams County

    Class 5 allowed secured claim of the Grant County Treasurer

    Class 6 allowed secured claim of CNH Industrial Capital

    Class 9 allowed secured claims Kent Farms, Inc/Brad and LaRee Kent

    Class 10 allowed secured claim of Sterns National Bank

FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING CONFIRMATION OF DEBTORS' SECOND AMENDED PLAN OF REORGANIZATION - 2

HAMES, ANDERSON, WHITLOW & O'LEARY, P.S.
601 W. KENNEWICK AVENUE
P.O. BOX 5498
KENNEWICK, WA 99336-0498
(509) 586-7797 / Fax (509) 586-3674

19-00478-FPC11    Doc 609    Filed 03/04/20    Entered 03/04/20 11:52:19    Pg 2 of 9

Class 11 allowed secured claim of CHS, Inc d/b/a Sun Basin Growers

Class 12 allowed secured claim of Diversified Financial

Class 13 allowed secured claim of US Small Business Administration

Class 14 allowed secured claim of Wells Fargo Equipment Finance

Class 17 allowed secured claim of Stahl Hutterian Brethren/ Stahl Farms

Class 18 allowed secured claim of All West Select Sires

Class 20 allowed secured claim of First Foundation Bank/ Best Main, Inc

4. Debtors properly filed a Report of Balloting and Ballot Summary. The Report of Balloting and Ballot Summary indicate that both Class 1 priority claims voted for the Plan, Class 2 impaired creditor voted for the Plan, Class 3 impaired creditor of Bank of the West voted against the Plan as well as objecting to the Plan, Class 10 impaired creditor voted for the Plan, Class 15 unimpaired creditor voted for the Plan, Class 22 impaired unsecured creditors cast six ballots, with five approving the Plan, which 5 comprise more than half in number and more than 2/3s of the amount of claims voting required for the class to accept the Plan, therefore; Class 22 accepts the Plan.

5. At the February 5th hearing the Court approved amendments to the Second amended plan and required notice of the amendments to the second amended plan be given to creditors to permit creditors to change their vote. The Court shortened notice period of the Plan amendments to 14 days. Debtors mailed a Notice of Plan Amendment and Opportunity to Revise Ballot and notice of hearing, to all creditors on February 10, 2020. Debtors received 1 ballot from CHS, Inc., dba Sun Basin, Class 11, who did not vote in the initial balloting. The CHS ballot accepts the Plan. The final hearing on confirmation was held on February 26, 2020, by telephone conference hearing. The second amended plan with the amendments approved at the February 5th hearing comprise the debtor's plan of reorganization and are hereafter collectively referred to as the "Plan".

FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING CONFIRMATION OF DEBTORS' SECOND AMENDED PLAN OF REORGANIZATION - 3

HAMES, ANDERSON, WHITLOW & O'LEARY, P.S.
601 W. KENNEWICK AVENUE
P.O. BOX 5498
KENNEWICK, WA 99336-0498
(509) 586-7797 / Fax (509) 586-3674

19-00478-FPC11 Doc 609 Filed 03/04/20 Entered 03/04/20 11:52:19 Pg 3 of 9

6. No ballots other than those identified in the Report of Balloting, and the ballot received in the second round of voting from CHS have been received by Debtors.

7. The Plan has been accepted in writing by at least one non-insider class of impaired creditors as required by 11 U.S.C. § 1129(a)(10), The provisions of Chapter 11, Title 11 of the United States Code as well as other applicable law.

8. The Plan treatment of the U.S. Small Business Administration, Class 13, as set forth in Debtors' Second Amended Plan is stricken and replaced with the following paragraph:

> "The Small Business Administration has a security interest in equipment and real estate commonly known as 225 North Country Rd. Warden WA (along with the rents therefrom) that is owned by Debtors and a secured claim in the amount of $306,337.82. It is anticipated adequate protection payments will be made to the SBA in the amount of $5,221.00 prior to the Effective Date.
>
> "Thereafter, monthly payments for this loan shall be calculated based on a 219-month amortization at 3.0% interest. Monthly payments of principle and interest will be made in the amount of $1,819.49. A balloon payment constituting the then remaining principal and accrued interest shall be due the 120th month following the Effective Date.
>
> "In addition to the remedies set forth in Article VIII of the Amendments to the Second Amended Plan, in the event of default to the SBA pursuant to Article VIII of the Plan, the interest rate on the balance of the SBA obligation at time of default shall revert to 5.19%."

9. Debtors disclosed the identity of family members and individuals who are officers or directors of CMF or CMFC and the continuance of those individuals in management positions. Debtors also disclosed the identity of insiders and their compensation.

10. New management in the person of Gale Noyes assumed the CEO position approximately 17 months prior to filing. One month after filing, Kevin Gilbert became CEO of

FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING CONFIRMATION OF DEBTORS' SECOND AMENDED PLAN OF REORGANIZATION - 4

HAMES, ANDERSON, WHITLOW & O'LEARY, P.S.
601 W. KENNEWICK AVENUE
P.O. BOX 5498
KENNEWICK, WA 99336-0498
(509) 586-7797 / Fax (509) 586-3674

19-00478-FPC11    Doc 609    Filed 03/04/20    Entered 03/04/20 11:52:19    Pg 4 of 9

the company. New management changed the policies and procedures of the company to ensure that management is more effectively working together toward common goals.

11. There is no governmental regulatory agency that controls Debtors rates and no approval from governmental regulatory agency is needed to set CMF or CMFC rates.

12. No 1111(b)(2) Claims have been made any secured creditor.

13. Debtors filed the above-captioned Chapter 11 proceedings on a voluntary basis. Therefore, no fees are due to any involuntary creditors. Both CMF and CMFC are entities; CMF is a corporation and CMFC is a limited liability company. Neither company owes child support or domestic support obligations. Neither company has unpaid wage claims nor claims for commissions. Neither company has any claims for non-payment to any employee benefit plan. Neither company operates a grain storage facility. Neither company owes a debt to fishermen. There are no claims made by any creditors for pre-petition deposits for purchase or lease of products for any creditor's personal family or household use. Neither debtor, CMF nor CMFC, owes the bankruptcy court for any fees. Debtors are not paying retiree benefits; therefore, no retiree benefits will be affected by the Plan. As to 11 U.S.C. § 1129(a)(15), neither CMF nor CMFC is an individual. Therefore, 11 U.S.C. §1129(a)(15) is inapplicable.

14. The Court finds the Plan has been proposed in good faith and not by any means forbidden by law. All payments made or promised by Debtors under the Plan for services, or for cost and expenses incident to the case, have been fully disclosed to the Court and are reasonable and have been approved, or if they are to be fixed after confirmation of the Plan, will be subject to approval by the court. Prior to filing Debtors' bankruptcy petitions, Country Morning Farms, Inc. was owned 100% by Robert and Gerry Gilbert, Country Morning Farms Cattle, LLC is also 100% owned by Robert and Gerry Gilbert. The ownership will not be changed after confirmation. After confirmation the reorganized Debtors intend to continue employing insiders as described on page 6 and page 7 of the Second Amended Disclosure Statement.

FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING CONFIRMATION OF DEBTORS' SECOND AMENDED PLAN OF REORGANIZATION - 5

HAMES, ANDERSON, WHITLOW & O'LEARY, P.S.
601 W. KENNEWICK AVENUE
P.O. BOX 5498
KENNEWICK, WA 99336-0498
(509) 586-7797 / Fax (509) 586-3674

19-00478-FPC11    Doc 609    Filed 03/04/20    Entered 03/04/20 11:52:19    Pg 5 of 9

15. Each holder of a claim or interest has accepted the Plan or will receive or retain under the Plan property of a value, as of the effective date of the Plan, that is not less than the amount that such hold would receive or retain if Debtors were liquidated under Chapter 7 of the Bankruptcy Code on such date.

16. With respect to creditors who did not vote and Bank of the West, the Debtors' Second Amended Plan of Reorganization as amended does not discriminate unfairly and is fair and equitable with respect to Bank of the West and each class of claims or interests that is impaired and has not accepted the Plan.

17. Debtors' profitability through September 2019, was up 54% over the same period in 2018, as measured by earnings before interest, taxes, depreciation and amortization (EBITDA).

18. The dairy herd health is good. There is no present need for Debtors to purchase additional heifers because their heifer replacement program is sufficient to maintain herd size. The size of the milking dairy herd should remain relatively constant and Bank of the West's collateral in the dairy herd should not decrease because cows are replaced upon their deaths.

19. Bank of the West is an over-secured creditor.

20. Confirmation of the Plan is not likely to be followed by liquidation, or the need for further financial reorganization of Debtors.

21. All creditors were given notice of the confirmation hearing. One objection was filed by Bank of the West, which objection is hereby overruled.

22. Salaries for all insiders were disclosed at ECF 48.

23. Debtors' Second Amended Plan, as amended, can be confirmed.

## CONCLUSIONS OF LAW

The court having previously entered its Findings of Fact at ECF #586, and based upon the additional Findings of Fact herein, the pleadings and records of this case, the testimony and

FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING CONFIRMATION OF DEBTORS' SECOND AMENDED PLAN OF REORGANIZATION - 6

HAMES, ANDERSON, WHITLOW & O'LEARY, P.S.
601 W. KENNEWICK AVENUE
P.O. BOX 5498
KENNEWICK, WA 99336-0498
(509) 586-7797 / Fax (509) 586-3674

19-00478-FPC11   Doc 609   Filed 03/04/20   Entered 03/04/20 11:52:19   Pg 6 of 9

other evidence provided at the confirmation hearing, the Court makes the following Conclusions of Law:

1.  The requirements for confirmation of the Plan imposed by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure and other applicable law, including the requirements of 11 U.S.C. § 1129, have been met.

2.  The plan treatment of the US Small Business Administration should be amended as described in the above Findings of Fact.

3.  To the extent the above-entered Findings of Fact are in fact Conclusions of Law, such findings are hereby incorporated into these Conclusions of Law and should be denominated as such.

4.  The provisions of Chapter 11 have been complied with, and the Plan has been proposed in good faith and not by any means forbidden by law.

5.  Any and all payments for professional services, including authorization required by 11 U.S.C. § 327 and 330, shall remain subject to bankruptcy Court approval notwithstanding confirmation of the Plan.

6.  The salaries and consulting fees paid to the insiders disclosed by the Debtors comply with the requirements of 11 U.S.C. § 1129(a)(5).

7.  No government regulatory commission or agency is required to approve the Plan or terms of the Plan.

8.  Debtors' Plan satisfies the requirements of 11 U.S.C. § 1129(a)(7) in that each impaired class that has not accepted the Plan will receive value as of the effective date of the Plan, that is not less than the amount of such claim it would receive if Debtors were liquidated under Chapter 7 of the Bankruptcy Code.

9.  The impaired classes entitled to vote on the Plan who have not accepted the Plan are the non-voting classes. Debtors' Second Amended Plan of Reorganization, as amended, does

FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING CONFIRMATION OF DEBTORS' SECOND AMENDED PLAN OF REORGANIZATION - 7

HAMES, ANDERSON, WHITLOW & O'LEARY, P.S.
601 W. KENNEWICK AVENUE
P.O. BOX 5498
KENNEWICK, WA 99336-0498
(509) 586-7797 / Fax (509) 586-3674

19-00478-FPC11    Doc 609    Filed 03/04/20    Entered 03/04/20 11:52:19    Pg 7 of 9

not discriminate unfairly and is fair and equitable with respect to the impaired non-voting classes and objecting creditor Bank of the West. As a result, the Plan can be confirmed notwithstanding the provisions of 11 U.S.C. § 1129(A)(8).

10. Administrative priority claims described by 11 U.S.C. § 503(b) and 11 U.S.C. § 507(A)(2) are provided for as required by 11 U.S.C. § 1129(A)(9). At least one impaired class has accepted the Plan and, therefore, the Plan meets the requirements of 11 U.S.C. § 1129(A)(10).

11. Confirmation of the Plan is not likely to be followed by liquidation or the need for further financial reorganization of Debtors.

12. The effective date of the Plan will be the first business day following the date on which the confirmation becomes a final non-appealable order. Debtors are authorized and directed to begin substantial consummation of the Plan on the effective date,

13. Each holder of a claim or interest that has accepted the Plan the non-voting classes, and Bank of the West, shall retain the liens securing their respective claims and will receive deferred cash payments totaling at least the amount of such claim of a value, as of the effective date of the Plan, of at least the value of the holder's interest in the estate's interest in the property. If there is any sale of a secured lender's property, the secured lender's lien shall attach to the sale proceeds and such proceeds shall be delivered to secured lender at closing of any sale unless otherwise agreed to in writing by the secured lender.

14. The identity of any insider that will be employed or retained by Debtors and their compensation has been fully disclosed at ECF 48.

15. The amendments to Debtors' Second Amended Plan of Reorganization (ECF 592) were served on all parties pursuant to the applicable provisions of Title 11 and all applicable bankruptcy rules and are hereby incorporated into the Debtor's Second Amended Plan of Reorganization.

FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING CONFIRMATION OF DEBTORS' SECOND AMENDED PLAN OF REORGANIZATION - 8

HAMES, ANDERSON, WHITLOW & O'LEARY, P.S.
601 W. KENNEWICK AVENUE
P.O. BOX 5498
KENNEWICK, WA 99336-0498
(509) 586-7797 / Fax (509) 586-3674

19-00478-FPC11    Doc 609    Filed 03/04/20    Entered 03/04/20 11:52:19    Pg 8 of 9

16. All payments made or promised by Debtors to any other person or entity for services rendered or for reimbursement of costs and expenses incurred in connection with the Plan or incident to this case, have been fully disclosed to the Court, are reasonable and are hereby approved; but if such services, costs or expenses arise after confirmation of the Plan, such payments will be subject to approval of the court.

18. The Debtors' Plan can be confirmed.

DATED THIS 3rd day of March of 2020.

Presented by:

HAMES, ANDERSON, WHITLOW & O'LEARY, P.S.
Attorneys for Debtors

BY: /s/ William L. Hames
    WILLIAM L. HAMES, WSBA #12193
    JOHN W. O'LEARY, WSBA #33004

Agreed as to form:

FOSTER GARVEY, P.C
Attorneys for Creditor Bank of the West

BY: /s/ Deborah A. Crabbe (w/permission)
    DEBORAH A. CRABBE, WSBA #22263

FELTMAN EWING, P.S.
Attorneys for EPL Feed, LLC

BY: /s/ David E. Eash (w/permission)
    DAVID E. EASH, WSBA #6684

OFFICE OF THE UNITED STATES TRUSTEE

BY: /s/ James Perkins (w/permission)
    JAMES PERKINS, WSBA #12996

OFFICE OF THE UNITED STATES ATTORNEY
For the U.S. Small Business Administration

BY: /s/ Brian M. Donovan (w/permission)
    BRIAN M. DONOVAN, WSBA #41121
    Assistant United States Attorney

FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING CONFIRMATION OF DEBTORS' SECOND AMENDED PLAN OF REORGANIZATION - 9

HAMES, ANDERSON, WHITLOW & O'LEARY, P.S.
601 W. KENNEWICK AVENUE
P.O. BOX 5498
KENNEWICK, WA 99336-0498
(509) 586-7797 / Fax (509) 586-3674

19-00478-FPC11    Doc 609    Filed 03/04/20    Entered 03/04/20 11:52:19    Pg 9 of 9